Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DERMODY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BEVERAGE CORP., NICK A. CAPORELLA, GREGORY P. COOK, and GEORGE R. BRACKEN,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff John Dermody ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's Complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, announcements made by Defendants, a review of U.S. Securities and Exchange Commission ("SEC") filings by National Beverage Corp., ("National

Beverage" or the "Company"), wire and press releases published by and regarding the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased National Beverage securities between July 16, 2015 and September 28, 2016, both dates inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b) as the Company conducts business in this District and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

# PARTIES

6. Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased National Beverage securities at artificially inflated prices during the Class Period and has been damaged thereby.

7. Defendant National Beverage is a Delaware corporation headquartered at 8100 SW Tenth Street, Suite 4000, Fort Lauderdale, Florida 33324. The Company also maintains an office in La Mirada, California. The Company, through its subsidiaries, develops, produces, markets, and sells a portfolio of flavored beverage products primarily in North America. During the Class Period, National Beverage securities were traded on NASDAQ under the symbol "FIZZ."

8. Defendant Nick A. Caporella ("Caporella") has been the Chairman and Chief Executive Officer ("CEO") of the Company since 1985.

9. Defendant Gregory P. Cook ("Cook") has been the Chief Accounting Officer of the Company since July 15, 2014, and has been Vice President of the Company since September 2012. Defendant Cook has also been Controller of the Company since August 2007.

10. Defendant George R. Bracken ("Bracken") has been the Executive Vice President of Finance of the Company since July 2012, and served as the Senior Vice President of Finance of the Company from October 2000 to July 2012.

11. Defendants Caporella, Cook, and Bracken are collectively referred to hereinafter as the "Individual Defendants."

12. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

   (d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

   (e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

   (f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

   (g) approved or ratified these statements in violation of the federal securities laws.

  13. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

  14. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

  15. The Company and the Individual Defendants are collectively referred to hereinafter as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

  16. On July 16, 2015, the Company filed a Form 10-K for the fiscal year ended May 2, 2015 (the "2015 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of May 2, 2015. The 2015 10-K was signed by Defendants Cook, Caporella, and Bracken. The 2015 10-K also contained signed SOX certifications by Defendants Caporella and Bracken attesting to the accuracy of financial reporting, the disclosure

Class Action Complaint for Violation of the Federal Securities Laws

of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

17. On July 14, 2016, the Company filed a Form 10-K for the fiscal year ended April 30, 2016 (the "2016 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of April 30, 2016. The 2016 10-K was signed by Defendants Cook, Caporella, and Bracken. The 2016 10-K also contained signed SOX certifications by Defendants Caporella and Bracken attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18. The statements referenced in ¶¶ 16 – 17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company lacked effective internal controls over financial reporting due, in part, to undisclosed channeling of expenses through off the books entities; (2) the Company lacked effective internal controls over financial reporting due, in part, to undisclosed material related parties transactions; and (3) as a result, Defendants' statements about the Company's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Emerges**

19. On September 28, 2016, Glaucus Research Group published a report on the Company (the "Glaucus Report") asserting, among other things, that based upon a

Class Action Complaint for Violation of the Federal Securities Laws

2014 lawsuit[1] brought by a former marketing director of the Company's wholly owned subsidiary, Faygo Beverages Inc., "[the Company's] expenses are run through off the books entities." The Glaucus Report further states that a 2015 lawsuit[2] alleges that a Company employee was physically present at, operated, directed and managed an independent distributor, Maverick Distributing Company, LLC, not listed as a subsidiary or related party in any of the Company's filings, which "suggest[s] that FIZZ runs sales through undisclosed related parties."

20. On this news, shares of the Company fell $3.81 per share or over 8% from its previous closing price to close at $42.67 per share on September 28, 2016, damaging investors.

21. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than Defendants who acquired National Beverage securities during the Class Period and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

---

[1] This lawsuit was filed in the United States District Court for the Eastern District of Michigan and is styled as *Rosenthal v. National Beverage Corp et al*, Docket No. 4:14-cv-12384 (E.D. Mich. Jun 18, 2014).

[2] This lawsuit was filed in Texas District Court, Harris County and is styled as *Thornell, Ronald vs. National Beverage Corporation*, Docket No. 201551725-7 (Tex. Dist. Ct. Sept. 02, 2015).

Class Action Complaint for Violation of the Federal Securities Laws

23. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

24. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused the Company to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filings;

- whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- the Company's shares met the requirements for listing, and were listed and actively traded on NASDAQ, a highly efficient and automated market;

- As a public issuer, the Company filed periodic public reports with the SEC and NASDAQ;

- the Company regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- the Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

Class Action Complaint for Violation of the Federal Securities Laws

29.     Based on the foregoing, the market for the Company's securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

**For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder**

**(Against All Defendants)**

31.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.     This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33.      During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.     The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of National Beverage securities during the Class Period.

35. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. Defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

36. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

Class Action Complaint for Violation of the Federal Securities Laws

37. As a result of the foregoing, the market price of National Beverage securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of National Beverage securities during the Class Period in purchasing National Beverage securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

38. Had Plaintiff and the other members of the Class been aware that the market price of National Beverage securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased National Beverage securities at the artificially inflated prices that they did, or at all.

39. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

40. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of National Beverage securities during the Class Period.

**COUNT II**

**Violations of Section 20(a) of the Exchange Act**
**(Against the Individual Defendants)**

41. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

Class Action Complaint for Violation of the Federal Securities Laws

42. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information about the Company's misstatement of revenue and profit and false financial statements.

43. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

44. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of National Beverage securities.

45. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Class Action Complaint for Violation of the Federal Securities Laws

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: October 6, 2016

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

Class Action Complaint for Violation of the Federal Securities Laws